## In re Independent School District in Ephrata Township.

*Robert Ruppin,* for petition; *H. Edgar Sherts,* contra.

GROFF, J.—This is an application under section 117 of the School Code of Pennsylvania, Act of May 18, 1911, P. L. 309, as amended by section 3 of the Act of May 20, 1921, P. L. 1023, for the establishment of an independent school district.

An examination of the petition shows that it has the proper number of signatories, and sets out the necessary facts to give this court jurisdiction. No answer has been filed, but the School Directors of Ephrata Township School District and the Lincoln Independent School District appeared on the day of hearing and opposed the establishing of the independent district prayed for.

An examination of the School Code clearly shows that the intention of the sponsors thereof, as well as the Legislature which enacted it into law, was to establish a uniform system for the government of our public schools in Pennsylvania, and for that reason, by section 108 of the Code, abolished all independent school districts existing in the State of Pennsylvania from and after the beginning of the first school year beginning under the Code, and provided that the school districts should be uniformly divided into four classes.

The Code above referred to, however, provided, in section 117, that the Court of Common Pleas of the proper county may, after a hearing and after taking into consideration:

"1. The desire of a majority of the taxable inhabitants of a contiguous territory for better school facilities;

"2. Reasonable need on the score of the welfare of pupils and taxpayers; and

"3. Consistency with the welfare of the pupils and taxpayers of the township district as a whole,"
make a decree establishing an independent school district, and fix the boundaries thereof, etc. (Kingston Township Independent School District's Petition, 23 Dist. R. 1003), thereby recognizing an emergency in which an independent school district might be necessary, but leaving the establishment thereof to the judgment and discretion of the Court of Common Pleas.

The territory proposed in this case to be erected into an independent district is the extreme eastern end of Ephrata Township, together with three farms located in the Lincoln Independent School District.

Ephrata Township, according to the evidence, is composed of a territory containing 11,829½ acres of assessed real estate; the proposed independent school district would contain 1955 acres cut from the above acreage, and would, in addition thereto, contain the area of two farms now in the Lincoln Independent District, the acreage of which was not given. The taxable inhabitants of Ephrata Township number 1464, 1450 of whom are in Ephrata Township proper, and 14 belong to that part of Ephrata Township now in the Lincoln Independent School District. Of this number of taxables, 150 are located in the proposed independent district in Ephrata Township, and 14 are in the Lincoln Independent School District.

The assessed value of all the real estate in Ephrata Township is $1,917,617, and in the Lincoln District $26,200, and there would be in the proposed independent district of the above assessed valuation $180,587 from Ephrata Township proper, and $18,350 from the Lincoln Independent District.

The amount of tax collected by the Ephrata Township School Board from the real estate located in the proposed independent district is $3787.24, and from the property now located in the Lincoln Independent District approximately $140, making a total amount of tax at present assessed and collected in the proposed independent district $3927.24.

It was testified by Jacob M. Fry, who seems to be one of the leading men, if not the leading proponent, of the independent school district, that of the above amount of tax collected, Ephrata Township spent in the proposed independent district $1600 for salaries and $300 for maintenance, and he then testified that the independent district can maintain a better school and effect

a saving on the same taxation as now exists. It will be noted that the difference between the amount expended in the proposed independent school district and the amount of tax collected would be a loss to the balance of the Ephrata Township School District.

The testimony of the witnesses called for petitioners shows that they wanted better school facilities, and the same Jacob M. Fry testified that by that he meant a better school, and when asked the following question by the court: "It is the teacher you object to, nothing else," he answered, " Nothing else."

The further evidence of petitioners show that while they complain about the condition of the Frysville School in the proposed independent district, they propose to retain in the district the Hahnstown and the Frysville Schools, without building any additional school houses, or employing any additional school teachers, and, as we understand it, will use the same equipment as is now used in those schools. On cross-examination, a witness for the petitioners, in reply to the following question: "Is not the whole cause of this petition for an independent district due to the fact that the school board proposes to build a new school house and to transport the children from this district down to the new school house? A. Yes."

The new school house proposed to be built is a four-room graded school to which all the witnesses called for the petitioners seemed to be opposed, and, as one of the witnesses says, the construction and establishment of this graded school is one of the contributing causes for wanting the independent district.

On the other side of the question, the school directors of Ephrata Township School District testified that the Hahnstown and Frysville Schools, the two that would remain in the independent district, are now overcrowded, and that the congested condition of the schools in other parts of the district makes it imperative that they should provide additional school facilities, and that, therefore, they had agreed to erect this four-room school house at a point about midway between the Akron, Hahnstown and Frysville Districts, which would be about midway between the east and west sections of the township; that they intended to continue the Hahnstown and Frysville Schools, but they will permit any pupils from those districts who desire to attend the graded school to do so, and it was admitted by one or more witnesses for the petitioners that this would give additional facilities for children from the proposed independent district, which they could not have if the independent district was established.

There was some testimony that the transportation of small pupils from the two schools in the proposed independent district to the proposed four-room graded school would be a hardship on the small pupils, but this is met by the testimony of the directors that the two schools in the proposed independent district would be kept open.

It was admitted that the following witnesses, subpoenaed by the petitioners and not called, would testify to the same facts that were testified to by petitioners' other witnesses: Reuben Horst, Horace Martin, Noah Burkholder, Ervin Martin and Ephraim Zimmerman.

It would, therefore, seem to be a conclusive fact that the independent district could operate its schools as they are now operated for less than the amount of tax now being collected therein for school purposes. The object of the School Code, while it intends that the court shall take the convenience of the taxpayers into consideration, is that the welfare of the pupils shall always be the primary object in establishing independent districts.

The primary object of courts in deciding questions of this kind should be the welfare of the pupils in the independent district, as well as the welfare of

the pupils in the remainder of the district from which the independent district is carved, and it would seem to the court that if the independent district is established the pupils therein would be deprived of the advantages of the superior opportunities they would have in the graded school to obtain knowledge; that if this independent district was established there would be no sufficient reason remaining for the establishment of the proposed graded school, and, therefore, the children in the remaining portion of Ephrata Township School District, as well as those in the proposed independent district, would be deprived of the advantages of the advanced education which they could obtain at this graded school.

"The burden of showing the necessity for an independent school district rests upon the petitioners, and the formation of an independent school district will not be allowed except for substantial and exceptional reasons:" Schellsburg Borough Independent School District, 22 Dist. R. 608.

In our opinion, none of the three reasons given above for the establishment of an independent district have been shown by the evidence, and, therefore, we feel that at this time the petition for the establishment of the independent district should be dismissed, reserving, however, the right of the petitioners to re-petition the court after a reasonable period from the erection, completion and operation of the proposed graded school.

The learned counsel for petitioners raised the question as to whether or not the portion of section 3 of the Act of May 20, 1921, P. L. 1023, which reads as follows, "In all cases where such school district, if created, or the remaining part of the original district, would constitute a fourth class school district, the merits of the petition for its creation, from an educational standpoint, shall be passed upon by the Superintendent of Public Instruction, and it shall not be granted unless approved by him," is constitutional.

It is not necessary for us to discuss, or pass upon, this question at the present time, for the reason that we are dismissing the petition for other causes.

And now, July 13, 1929, the petition for the erection of an independent school district from parts of the Ephrata Township School District and the Lincoln Independent School District is dismissed, at the cost of the petitioners.

From George Ross Eshleman, Lancaster, Pa.